IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PRESTON H. JONES                                                                                    PLAINTIFF

vs.                                           Civil No. 2:12-cv-02263

CAROLYN W. COLVIN                                                                             DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Preston H. Jones ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff filed his DIB and SSI applications on August 10, 2010.  (Tr. 10, 119-124).  In his applications, Plaintiff alleges being disabled due to appendix, gallbladder, pancreatitis, mental retardation, and hearing disability.  (Tr. 15, 156, 180).  Plaintiff alleged an onset date of July 1, 2009.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

(Tr. 119).  These applications were denied initially and upon reconsideration.  (Tr. 10, 59-74).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted.  (Tr. 75-76).  Plaintiff's administrative hearing was held on November 1, 2011 in Fort Smith, Arkansas.  (Tr. 31-56).  Plaintiff was present and was represented by David Harp at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE"), Dale Thomas testified at this hearing.  *Id.*  During the administrative hearing in this matter, Plaintiff testified he was fifty-three (53) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008) (DIB) and 20 C.F.R. § 416.963(d) (2008) (SSI).  (Tr. 34).  Plaintiff also testified he had completed the tenth grade.  *Id.*

On November 16, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI.  (Tr. 10-21).  In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2014.  (Tr. 12, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 1, 2009, his alleged onset date.  (Tr. 12, Finding 2).

The ALJ determined Plaintiff had the severe impairment of pancreatitis and post-traumatic stress disorder.  (Tr. 12, Finding 3).  The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-19).  First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform light work and was limited to work in which interpersonal contact was incidental

to the work performed; complexity of tasks was learned and performed by rote with few variables and use of little judgment; and the supervision required was simple, direct, and concrete. (Tr. 14, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 19, Finding 6). The ALJ found Plaintiff unable to perform his PRW. *Id.* The ALJ however determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 19-20, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 53-54). Based upon that testimony, the ALJ determined Plaintiff retained the ability to perform other work such as production work with 6,300 such jobs in Arkansas and 300,000 such jobs in the nation, and maids and house cleaner with 3,000 such jobs in Arkansas and 305,700 such jobs in the nation. (Tr. 20). Given this, the ALJ determined Plaintiff had not been under a disability as defined in the Act from July 1, 2009 through the date of his decision. (Tr. 20, Finding 11).

Thereafter, on November 8, 2012, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 6). On October 16, 2012, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On November 5, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 9, 2012. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 14, 15. This case is now ready for decision.

2.   **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

4

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

Plaintiff raises the following arguments for reversal: (1) the ALJ erred in his determination of Plaintiff's severe impairments, (2) the ALJ erred in finding his impairments did not meet a Listing; (3) the ALJ erred in failing to properly assess Plaintiff's RFC, and (4) the ALJ erred at Step 5. ECF No. 14, Pgs. 6-15. Because the Court finds the ALJ erred in his determination of Plaintiff's severe impairments, the Court will only address this issue.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment impacts the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low or *de minimis* standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007)

(reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

According to Plaintiff, the ALJ erred when he failed to find Plaintiff's low intelligence and problems related to pancreatitis as severe impairments. The ALJ found Plaintiff's severe impairments were pancreatitis and post-traumatic stress disorder. (Tr. 12-13). This Court does not see a difference in the ALJ's finding of pancreatitis being severe and Plaintiff's claim that problems related to pancreatitis was severe. However, it does appear the ALJ entirely disregarded the findings of Plaintiff's low intelligence when assessing Plaintiff's severe impairments.

On November 3, 3010, Plaintiff was seen by Dr. Patricia Walz for a Mental Diagnostic Evaluation. (Tr. 323-328). Dr. Walz diagnosed Plaintiff with mild mental retardation vs. borderline intellectual functioning and a GAF score of 45-50. *Id.* A GAF score of 40 to 50 indicates a claimant suffers from severe symptoms. Additionally, on February 25, 2011, Plaintiff underwent an Intellectual Assessment by Keith Norwood. (Tr. 330-333). Mr. Norwood performed intelligence testing which showed Plaintiff's IQ scores on the WAIS-III ranged from 56-62, which is in the extremely low category of intelligence. (Tr. 331). Mr. Norwood indicated these results were possibly not accurate due to Plaintiff's pain affecting his concentration. *Id.* Mr. Norwood estimated Plaintiff's actual range may fall between the 60's and 70's. (Tr. 333).

Standing alone, these findings provide sufficient evidence demonstrating Plaintiff's low intelligence satisfy the low or *de minimis* standard for establishing a severe impairment. Accordingly, this case must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of February 2014.**

>                                       /s/   Barry A. Bryant
>                                       HON. BARRY A. BRYANT
>                                       U.S. MAGISTRATE JUDGE